IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISOLATOR FITNESS, INC.,** : | **CIVIL ACTION** |
|      **Plaintiff** : | |
| : | |
| **vs.** : | **NO. 12-4984** |
| : | |
| **6 PACK FITNESS, LLC.,** : | |
|      **Defendant** : | |

**O R D E R**

**AND NOW,** this  27th  day of March, 2013, upon consideration of the plaintiff's motion for default judgment (Document #10), I make the following findings:

1. The complaint in the above-captioned case was filed on August 30, 2012, and served upon Defendant 6 Pack Fitness, LLC, on October 15, 2012 (by USPS Certified Mail) and on December 3, 2012 (by USPS Certified Mail Restricted Delivery). See Documents #5 and #8.

2. Federal Rule of Civil Procedure 12(a)(1) required the defendant to file an answer with the court within twenty-one days thereafter. The defendant has not responded to the complaint, and counsel has not entered an appearance on the defendant's behalf. Further, the defendant has not sought additional time within which to respond.

3. On December 27, 2012, the plaintiff requested the Clerk of Court to enter a default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure to respond to the complaint. See Document #9.

4. On January 2, 2013, the Clerk of Court entered such a default.

5. On January 22, 2013, the plaintiff filed a motion for default judgment "pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." See Document #10. I will construe this motion as one for default judgment pursuant to Rule 55(b)(2).[1]

6. On February 27, 2013, I ordered the defendant to show cause on or before March 8, 2013, as to why the court should not grant the relief sought in the plaintiff's Motion for Entry of Default Judgment. See Document #12.

7. As of the date of this Order, the defendant has not responded to the Order to Show Cause.

8. The plaintiff will be prejudiced if the default judgment is denied because it will have no other way to vindicate its claims against the defendant. It can be inferred by the lack of response from the defendant, that it has no litigable defense to plaintiff's claims. Similarly, it is reasonable to conclude that the defendant's failures to respond to any of these filings is due to culpable conduct, as the docket indicates it was properly served. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

9. After a review of the complaint, I am satisfied that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

10. Based upon the allegations set forth in the complaint which have been treated as admissions of fact by default, the plaintiff has established that the defendant

---

[1] I also note that the plaintiff failed to attach a proposed Order to this motion as required by Local Rule 7.1(a).

does not own a protectable product-design trade dress right in the 6 PACK® meal-management cooler bag, and that the ISOBAG™ bag does not directly or indirectly infringe the alleged trade dress rights in the 6 PACK® meal-management cooler bag.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for default judgment is GRANTED.

2. Judgment is entered on behalf of Plaintiff Isolator Fitness, Inc., and against Defendant 6 Pack Fitness, LLC.

The Clerk of Court is directed to mark this case CLOSED for statistical purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.