IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISOLATOR FITNESS, INC., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 12-4984 |
| | : | |
| 6 PACK FITNESS, LLC, | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                         June  3, 2013

Plaintiff Isolator Fitness, Inc., has filed a motion for an award of attorney's fees in the amount of $22,939.50 following the entry of an Order of Default Judgment on March 27, 2013. The defendant has chosen not to respond. For the following reasons, I will grant the motion in its entirety.

## I.  BACKGROUND

The complaint in the above-captioned case was filed on August 30, 2012, and served upon Defendant 6 Pack Fitness, LLC, on October 15, 2012 by USPS Certified Mail and on December 3, 2012 by USPS Certified Mail Restricted Delivery. Federal Rule of Civil Procedure 12(a)(1) required the defendant to file an answer with the court within twenty-one days thereafter. On December 27, 2012, the plaintiff requested the Clerk of Court to enter a default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure to respond to the complaint. On January 2, 2013, the Clerk of Court entered such a default. The plaintiff subsequently filed a motion for default judgment. The defendant has yet to respond.

On February 28, 2013, I entered an Order to Show Cause giving the defendant until March 8, 2013 to show cause as to why the court should not grant the relief sought in the plaintiff's motion. There being no response, I entered an Order of Default Judgment on March 27, 2013 based upon the defendant's failure to respond to both the complaint and my Order.

## II.  LEGAL STANDARD

The starting point for a determination of attorney's fees, the lodestar calculation, is the product of the number of hours reasonably expended times an hourly fee based on the prevailing market rate. Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir.1988); see also Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). The burden of demonstrating the reasonableness of both the hours expended and hourly rates falls on the party seeking those fees. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 (3d Cir. 2005)(citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990)). The party requesting fees must submit "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

## III.  DISCUSSION

The plaintiff requests $22,939.50 for attorney's fees. In support of its request, the plaintiff has attached a sufficiently detailed accounting of the tasks performed and hours expended by various attorneys related to this action. See Document #14. Of course, the

defendants have not opposed the amount of fees nor have they raised any specific challenges to the hours worked or hourly rates established by the plaintiff. After a review of the record, especially the evidence of the defendant's correspondence to plaintiff's counsel which triggered this action, I am convinced that an award of attorney's fees is warranted here.

Once a court determines attorney's fees should be awarded, it must then determine what constitutes a reasonable attorney's fee for a given matter. The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 432 (1983). After conducting this calculation, a court may then adjust the amount to take into account any other relevant factors that are not already adequately represented in the lodestar calculation, and may reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries. Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 422 (3d Cir. 1993).

The evidence submitted with the motion reveals that counsel worked 101.1 hours in this case at the reasonable rates of between $95 and $275 per hour. I find no reason to adjust or reduce this bill. Accordingly, I will grant the motion for attorney's fees in its entirety without a hearing,[1] and award the plaintiff the sum of $22,939.50 plus interest.

An appropriate Order follows.

---

[1] The plaintiff has sufficiently supported the amount of requested attorney's fees with exhibits and declarations. Thus, I find that a hearing is unnecessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount is computable from the submitted documentary evidence. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) (In determining damages following an entry of Default Judgment, the court need not hold an evidentiary hearing with oral testimony. Rather, the "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which it can decide the issue).